# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN IRA BRONSON, JR.,      )
                                 )
               Petitioner,     )     Civil Action No. 19-1519
                                 )
     v.                      )     District Judge W. Scott Hardy
                                 )     Magistrate Judge Cynthia Reed Eddy
SUPERINTENDENT KEVIN      )
KAUFFMAN, DISTRICT ATTORNEY      )
OF WASHINGTON COUNTY,      )
ATTORNEY  GENERAL OF THE      )
STATE OF PENNSYLVANIA,      )
                                 )
               Respondents.    )

## <u>MEMORANDUM ORDER</u>

Presently before the Court is *pro se* Petitioner John Ira Bronson, Jr.'s correspondence to the Court ("Correspondence"), dated April 21, 2023, regarding the above-captioned matter. (Docket No. 55).  Petitioner, an inmate incarcerated at the State Correctional Institution at Huntingdon, initiated this action by filing a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  (Docket No. 4).  On January 26, 2023, Magistrate Judge Cynthia Reed Eddy entered a Report and Recommendation ("R&R"), recommending that the Petition be denied with prejudice.  (Docket No. 51).  Service of the R&R was made on Respondents through the Court's CM/ECF system, and any objections by Respondents were due by February 9, 2023.  Service of the R&R was made on Petitioner by mail, and any objections by Petitioner were due by February 16, 2023.

On February 16, 2023, Petitioner filed a motion requesting that counsel be appointed and that he be given an extension of time to file his objections.  (Docket No. 52).  On February 22, 2023, Judge Eddy issued an order denying Petitioner's motion for appointment of counsel at that

time, but noting that counsel could later be appointed. (Docket No. 53). The Court granted Petitioner's request for an extension of time to file objections, indicating that such objections were due by April 21, 2023. (Docket No. 54). On May 5, 2023, the Court received the Correspondence from Petitioner referenced, *supra*, dated April 21, 2023. (Docket No. 55). Upon consideration of Petitioner's Correspondence, which contains a number of statements and requests, as well as attached documents, the Court finds as follows.

To the extent Petitioner's Correspondence is deemed to be an appeal of Judge Eddy's order of February 22, 2023, denying without prejudice Petitioner's motion to appoint counsel, Judge Eddy's order is affirmed. (Docket No. 52). Taking into consideration Petitioner's *pro se* status, the Court reviews Judge Eddy's order pursuant to 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the court," and a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir.1986) (regarding nondispositive motions, "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law"). A ruling by a magistrate judge is considered to be "'clearly erroneous' when, although there is evidence to support it, the reviewing Court is left with a definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993). Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision

was clearly erroneous or contrary to law. *See Alarmax Distribs., Inc. v. Honeywell Int'l Inc.*, No. 2:14cv1527, 2016 WL 6791240, at *1 (W.D. Pa. April 20, 2016). In this case, as Petitioner's motion to appoint counsel is a nondispositive pretrial motion, the Court reviews Judge Eddy's order denying it without prejudice under this "clearly erroneous" standard. *See* LCvR 72.C.2.

First, Judge Eddy notes in her order that there is no federal right to habeas corpus counsel. (Docket No. 53 at 1 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987))). Judge Eddy also remarks that it is extremely difficult to locate counsel who are trained in this area of law and who are willing to accept such cases on a *pro bono* basis, and that, except in habeas corpus cases where an evidentiary hearing is required, or is necessary for effective discovery, and not until that time, is the appointment of counsel required. (*Id.*). Thus, Judge Eddy continues, prior to such occurrence, the appointment of counsel is discretionary when it is in the interest of justice to do so. (*Id.*). Further, Judge Eddy lists the factors that the court is to consider in determining whether counsel should be appointed, including the factual and legal complexity of the case, the petitioner's ability to investigate facts and present claims, the extent of factual disagreement between the parties, the arguable merit of the petition, the presence or absence of facial defects, such as non-exhaustion of state remedies, and the need for an evidentiary hearing. (*Id.* at 2 (citing *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d))). On the other hand, Judge Eddy notes, where the issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, the court would not abuse its discretion in declining to appoint counsel. (*Id.*).

Judge Eddy concludes that, in the present case, Petitioner's issues are straightforward and appear to be capable of resolution on the record, and that it does not appear that an evidentiary

hearing or discovery will be necessary in this case. (Docket No. 53 at 2). Judge Eddy also states that, in the event the Court subsequently determines that this case is one in which it should exercise its discretion and appoint Petitioner counsel, or if this case is one in which it must appoint counsel, the Court will do so in accordance with its Criminal Justice Act Plan. (*Id.*).

Having carefully reviewed Judge Eddy's order denying without prejudice Petitioner's motion for the appointment of counsel, the Court concludes that the order is thorough, well-reasoned, and supported by law. Therefore, to the extent Petitioner's Correspondence is deemed to be an appeal of Judge Eddy's Order (Docket No. 53), and having reviewed that order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court finds that the order is neither clearly erroneous nor contrary to law, and thus the Court declines to reconsider Petitioner's motion for appointment of counsel.

Alternatively, to the extent Petitioner's Correspondence is deemed to be a second motion requesting the appointment of counsel, that motion is denied for the reasons set forth in Judge Eddy's February 22, 2023, Order. (Docket No. 53). However, that motion is denied without prejudice to the Court's ability to revisit Petitioner's request to appoint counsel once all objections have been filed in this matter.

Furthermore, to the extent Petitioner's Correspondence is deemed to contain his objections, at least in part, to the R&R, the Court notes that such objections are timely filed.

Finally, to the extent Petitioner's Correspondence, which notes that he "would like to reserve the right to add to this filing, just as soon as I get the rest of the records (paper work) that I requested," is deemed to be a motion requesting an extension of time to file additional objections, that motion is granted. (Docket No. 55 at 6). Petitioner shall be given leave to file additional objections as set forth in the Court's Order, *infra*.

Accordingly, the Court enters the following Order:

AND NOW, this 6th day of June, 2023,

IT IS HEREBY ORDERED that, to the extent Petitioner's Correspondence (Docket No. 55) is deemed to be an appeal of Magistrate Judge Eddy's ruling in her Order entered in the above-captioned matter on February 22, 2023, denying without prejudice Petitioner's Motion for Appointment of Counsel, said Order (Docket No. 53) is AFFIRMED.

IT IS FURTHER ORDERED that, to the extent Petitioner's Correspondence (Docket No. 55) is deemed to be a second motion for the appointment of counsel, that motion is DENIED for the reasons set forth in Judge Eddy's Order of February 22, 2023 (Docket No. 53).  Such denial is WITHOUT PREJUDICE to the Court's ability to revisit Petitioner's request to appoint counsel after all objections have been filed.

IT IS FURTHER ORDERED that, to the extent Petitioner's Correspondence (Docket No. 55) is deemed to contain objections to the R&R, at least in part, the Court notes that such objections are timely filed.

IT IS FURTHER ORDERED that, to the extent Petitioner's Correspondence (Docket No. 55) is deemed to be a motion for an extension of time to file additional objections to the R&R, such motion is GRANTED.  Accordingly, any additional objections are due by **July 6, 2023**.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:      All counsel of record

                John Ira Bronson, Jr. (via U.S. Mail)