## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN IRA BRONSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 19-1519 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| SUPERINTENDENT KEVIN KAUFFMAN, DISTRICT ATTORNEY OF WASHINGTON COUNTY, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

### **MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") entered by Magistrate Judge Cynthia Reed Eddy on January 26, 2023. (Docket No. 51). Petitioner John Ira Bronson, Jr. ("Bronson"), an inmate incarcerated at the State Correctional Institution at Huntingdon, initiated this action by filing a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Docket No. 4). Respondents filed an Answer to the Petition on March 11, 2022. (Docket No. 46). Petitioner did not file a reply. The R&R recommends that the Petition for writ of habeas corpus be denied with prejudice because all of Petitioner's claims are procedurally defaulted, and that a certificate of appealability be denied on all claims. (*See* Docket No. 51 at 1, 24).

Service of the R&R was made on Respondents through the Court's CM/ECF system, and any objections by Respondents were due by February 9, 2023. (Docket No. 51 at 24-25). Service of the R&R was made on Petitioner by mail, and any objections by Petitioner were due by February 16, 2023. (*Id.*). On February 16, 2023, in correspondence to the Court which was docketed as a

motion, Petitioner requested the appointment of counsel, and an extension of time in which to file his objections. (Docket No. 52). Petitioner's request for counsel was denied, but Petitioner's request for an extension was granted, and the Court ordered that Petitioner's objections were due by April 21, 2023. (Docket Nos. 53, 54). On May 5, 2023, the Court received additional correspondence with attached documents from Petitioner, which was again docketed as a motion. (Docket No. 55 ("Correspondence")).

On June 6, 2023, the Court issued a Memorandum Order indicating that: to the extent Petitioner's Correspondence sought to appeal Judge Eddy's Order denying without prejudice his motion for appointment of counsel, that order was affirmed; to the extent the Correspondence again requested the appointment of counsel, that motion was denied without prejudice to the Court's ability to revisit Petitioner's request after all objections have been filed; to the extent the Correspondence contained objections to the R&R, at least in part, the Court noted that such objections were timely filed; and to the extent the Correspondence requested an extension of time to file additional objections to the R&R, such motion was granted and any additional objections were due by July 6, 2023. (Docket No. 56 at 5). On July 18, 2023, Petitioner again requested an extension of time in which to file a response to the R&R, which the Court granted, and Petitioner's objections were due by August 21, 2023. (Docket Nos. 58, 59). Thereafter, no party filed any additional objections to the R&R, nor did Petitioner seek another extension.

It is not clear from Petitioner's Correspondence – which, as noted, seeks the appointment of counsel and an extension of time in which to file additional objections – the extent to which it is also intended to constitute objections to the R&R. (Docket No. 55). Notably, at the end of such Correspondence, Petitioner indicated that he wished to reserve the right to add to that filing as soon as he got the rest of the records that he requested. (*See id.* at 6). Petitioner did not supplement that

2

filing, however, despite being given two later extensions of time in which to do so. (Docket Nos. 56, 59). Nevertheless, considering Petitioner's Correspondence as containing objections to the R&R, Petitioner therein objects to Judge Eddy's recommendation that his Petition be denied with prejudice, arguing that his PCRA counsel abandoned him and the trial judge (who did not appoint new PCRA counsel after Petitioner's attorney was permitted to withdraw from the case) was biased against him. (Docket No. 55 at 1-6).[1]

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R and the entire record in this case, including Plaintiff's Correspondence filed in response thereto (Docket No. 55), the content of which the Court has considered as the functional equivalent of timely stated objections to the R&R, the Court concludes that Petitioner's objections do not undermine the R&R's recommended disposition. In fact, to the extent Petitioner's Correspondence constitutes objections to the R&R, they simply fail to address the issue before the Court, namely whether Petitioner's claims are procedurally defaulted.

In so ruling, the Court agrees with Judge Eddy's conclusion that all of Petitioner's claims are procedurally defaulted because the grounds on which he seeks federal habeas relief were never raised to the Pennsylvania Superior Court. (Docket No. 51 at 14). Despite being given numerous

---

[1] The Court is mindful that Petitioner may have made such statements in support of his renewed request for the appointment of counsel but, as noted, because the purpose of Petitioner's Correspondence is unclear, the Court has also considered them as possible objections to the R&R. (Docket No. 55 at 1-6).

3

extensions of time in which to file a brief, and despite receiving warnings from the Superior Court that failure to comply would cause a dismissal of his appeal, Petitioner failed to file an appellate brief. (*See id.*). Additionally, the Court agrees with Judge Eddy's conclusion that the Superior Court dismissed Petitioner's appeal based on an independent and adequate state procedural rule. (*See id.* at 18 (citing cases)). The Court also agrees that Petitioner has not established any exceptions to excuse the procedural default, since he cannot demonstrate either cause and prejudice or that a fundamental miscarriage of justice will result if his claims are not considered. (*See id.* at 18-19 (citing cases)). Further, the Court agrees with Judge Eddy that Petitioner has never raised to any court an ineffective assistance of trial counsel claim for failing to impeach a witness's testimony based on receiving immunity for such testimony, an issue upon which Petitioner's co-defendant was granted PCRA relief. (*Id.* at 22). As Judge Eddy summarized:

> And therein lies the problem. Because Bronson['s] claims were abandoned due to his failure to file a brief with the Superior Court, he failed to complete his appeal of the dismissal of his PCRA petition. As such, he failed to raise, much less, preserve the claim that trial counsel was ineffective for failing to impeach [the witness at issue] based on receiving immunity.

(*Id.*). Finally, the Court finds that, because jurists of reason would not find it debatable that Petitioner's claims should be denied, a certificate of appealability will be denied. (*Id.* at 23-24).

Therefore, upon *de novo* review of the R&R and the entire record in the case, the Court will accept Judge Eddy's recommendation that the Petition should be denied with prejudice and a certificate of appealability should be denied. As such, the Court will adopt the R&R as the Opinion of the Court as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of October, 2023,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 51) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED as follows:

(1) Petitioner John Ira Bronson, Jr.'s Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Docket No. 4) is DENIED WITH PREJUDICE, and a certificate of appealability is denied; and

(2) The Clerk of Court shall mark this case CLOSED.

<i>s/ W. Scott Hardy</i><br>
W. Scott Hardy<br>
United States District Judge

cc/ecf:     All counsel of record

            John Ira Bronson, Jr. (via U.S. Mail)